State vs. Martin et als.

---

No. 12,341.

STATE OF LOUISIANA VS. DAVID MARTIN ET ALS.

The object of the State in forfeiting appearance bonds is not to enrich itself, but to bring parties who sign such bonds as sureties to a realization of the fact that in doing so, they assume actual responsibilities, which, if not faithfully met, will result in pecuniary loss to themselves; it is to impress upon those parties that suretyship upon appearance bonds is something more than a form.

It will not suffice to set aside a judgment of forfeiture that the accused appears in court under the coercive power of this court at a time too late to be made effective for the purposes of trial at that term. State vs. Grice, 11 An. 605.

APPEAL from the Sixteenth Judicial District Court for the Parish of St. Helena. *Reid, J.*

*Milton J. Cunningham*, Attorney General, and *Duncan S. Kemp*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*J. A. Reid* for Defendants, Appellants:

The object of a recognizance is not to enrich the treasury, but to combine the administration of justice with the convenience of a party accused but not convicted. 6 An. 257; 6 An. 282; 14 An. 446; 10 An. 235.

Where the recognizance has ripened into a judgment the principal is fairly and truly tried and acquitted, the sureties on enjoining the execution against them will be relieved. 8 An. 489; 10 An. 235.

Submitted on briefs January 23, 1897.
Opinion handed down February 15, 1897.
Rehearing refused March 15, 1897.

The opinion of the court was delivered by

NICHOLLS, C. J. On the 28th of September, 1895, one David Martin, as principal, and Levi Branch and W. G. Bates, as securities, executed a bond in favor of the Governor of the State of Louisiana for the sum of three hundred dollars.

The condition of the bond was that if the said David Martin should well and truly appear at the next jury term of the Sixteenth Judicial District Court at the court house, in the town of Greensburg, and there continue from day to day and from time to time during term time, and not depart thence without leave of the court being first had, then the bond was to be null and void, otherwise to remain in full force and effect.

Martin, the principal on the bond, had been indicted on the 30th of July, 1895, for receiving stolen goods, knowing them to be stolen.

On the 16th of November, 1896, the District Court, under Sec. 1032 of the Revised Statutes, entered up judgment *in solido* against the principal and sureties for the amount of the bond by reason of breach of its conditions.

48

On the 21st of November the defendant, David Martin, suggesting to the court that he was then in jail, and that the jury had not been discharged, prayed that the judgment forfeiting the bond be set aside.

On the same day the sureties appeared and also prayed that the judgment be set aside. They averred that they did not know of the absence of the accused on Monday or Tuesday of that week; that he was not absent by their procurement or consent; that they were by no means to blame; that the accused was then in custody and the jury had not been discharged.

After hearing evidence the court overruled the motion to set aside the judgment.

Defendant on his motion was granted an appeal. The sureties did not appeal.

The evidence shows that on Monday, November 6, 1896, the defendant, Martin, was called for arraignment—that he pleaded not guilty and asked for trial by jury. That his case was fixed for trial for Monday, November 16. That the case was called on that day and defendant did not answer. That his securities were then called on to produce his body in open court instanter. That Branch, one of the securities, when called answered to his name. That the other surety made no appearance whatever. That neither produced the body of the accused and neither of them made any effort to have him appear for trial either then or at any future day. That Martin was in Greensburg (the parish seat) on the day the case was fixed for trial, but did not appear at the court house. That an order for his arrest issued returnable on November 20 and that on that day (in the afternoon) the sheriff returned that he had the accused in open court. That the court was then engaged in the trial of a criminal case and that within a few hours afterward the jury was discharged for the term. Defendant asked for no assignment of the cause. Some of the witnesses for the State lived in other parishes and it was practically impossible to have tried it at that late date. The judge so declared and assigned that as one of his reasons for discharging the jury. The next day (the last of the term) the securities moved to set aside the judgment of forfeiture on the grounds stated.

Article 1032 of the Revised Statutes, referring to the judgment so rendered upon a bond, declares: "The judgment so rendered may at any time during the same term of the court for all the parishes of

the State except the parish of Orleans  *  *  *  be set aside upon the appearance, trial, conviction and punishment of the defendant or party accused.   Such judgment shall not be rendered in case it shall be made to appear to the satisfaction of the court, by the evidence of one or more credible witnesses, that the defendant or party accused is prevented from attending by some physical disability existing at the time."

The next article (1033) is as follows:

"The appearance and answer of any defendant or party accused, upon call made as provided in the preceding section (Sec. 1032), shall not operate as a discharge or release of any surety from his responsibility, and no such surety shall be discharged or released from his responsibility until the final trial and conviction or acquittal of such defendant or party accused.

"Any surety may be relieved from responsibility by making a formal surrender of the defendant or party accused to the sheriff or his deputy in open court, or within the four walls of the prison of the parish, and not otherwise."

It is not claimed on the part of appellants that the accused was prevented from appearing by reason of any physical disability. No reason at all is assigned for his non-appearance on the day fixed for trial. The fact relied on for setting aside the judgment is that the accused is now in the parish jail.

The term of court at which the bond was forfeited ended on November 21, 1896. The accused has not been tried, convicted and punished.

He was on November 20 produced in open court in the parish of St. Helena, but the record does not show that he voluntarily appeared or that he was surrendered by his sureties; on the contrary, we infer from the minutes that he was produced by the sheriff in arrest under the order of arrest which had issued from the court. It is not claimed that his confinement in the parish jail was under any action of the sureties.

The State does not pretend that there was any collusion between the accused and his sureties that the accused was to fail to make an appearance on the day of trial.   Evidence on that subject is immaterial in this case.

In State vs. Williams, 37 An. 202, the judgment of forfeiture of an appearance bond was set aside on an appeal taken by the sureties on

State vs. Martin et als.

the bond from a judgment of the District Court refusing to do so. The court said: " The sureties brought the accused in open court and offered him for trial. The object of an appearance bond is to secure the trial of offenders rather than to fill the coffers by forced contributions from sureties. That object was attainable through and by the action of the offender at the term when he was called. Where there is no collusion nor suspicion of collusion to defeat the ends of justice, sureties have always been relieved from a judgment of for-feiture. When they have produced their principal and surrendered him into the custody of the law."

In State vs. Guice, 11 An. 605, where a judgment forfeiting an ap-pearance was unsuccessfully sought to be set aside in the District Court and an appeal was taken against such action by the sureties, the Supreme Court affirmed the judgment. The ground upon which the appellants claimed that the judgment should be set aside was that the accused appeared at the same term of the court at which the bond was forfeited and demanded a trial, which was refused by the court, because the jury had been discharged for the term. The facts in that case were very similar to those in the present case, and we are of the opinion that the views therein expressed by the court are correct. We are satisfied that the accused designedly evaded a trial. When he did appear in court it was not of his own accord or through the instrumentality of his sureties, but through that of the sheriff, under the coercive process of the court, which resulted, as the record discloses, in an appear-ance (if it can be properly so-called), too late to be made effective for the purposes of a trial at that term.

We do not think the object of the State in forfeiting appearance bonds is to enrich itself, but to bring parties who sign such bonds as sureties to a realization of the fact that in doing so, they assume actual responsibilities, which, if not faithfully met, will result in pecuniary loss to themselves. It is to impress upon those parties that suretyship upon appearance bonds is something more than a form. If we were to accede to the proposition that the circum-stances shown by the evidence disclose a proper case for setting aside the judgment of forfeiture, there would be no reason why the same condition of affairs should not arise at the next term of court, and the accused party again trifle with the administration of justice. The sureties in this case evidently acted upon the mistaken idea and

conclusion that they had no affirmative duty whatever devolving upon them in the premises.

It is true, the accused was in the parish jail when the motion to set aside the judgment was made, but he was there, as we have seen, through no act of the sureties, but after he had defaulted upon his appearance and the judgment of forfeiture had been rendered.

We think fhe judgment appealed from was correct, and it is hereby affirmed.