No. 12,455.

STATE OF LOUISIANA VS. J. C. RUTHING, E. E. ROBERTS, SURETY ON BAIL BOND, APPELLANT.

The bond given by the accused was forfeited. The sureties appealed to have the order of forfeiture vacated.

The accused bound himself to appear in court to answer, and he also bound himself not to depart without leave of the court.

He having departed without leave, properly, the bond was forfeited.

Although the indictment may be defective, and the offence not sufficiently set forth in the bond, the sureties are held to have known that they were signing a bond for the appearance of the accused.

The validity of the indictment can not be assailed while the accused is a fugitive.

The sureties must have their principal to answer to the sentence. His departure, prior to sentence, without leave, is a breach of the bond.

APPEAL from the Second Judicial District Court for the Parish of Webster. *Watkins, J.*

*M. J. Cunningham*, Attorney General, *A. J. Murff*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*L. K. Watkins* for Roberts, Defendant, Appellant.

Argued and submitted April 3, 1897.
Opinion handed down April 26, 1897.
Rehearing refused May 31, 1897.

The opinion of the court was delivered by

BREAUX, J. The surety on a bail bond appeals from a judgment rendered on the forfeiture of the bond.

The bond recited that the accused was held to answer to the charge of " extortion by threat."

The condition of the bond was to answer the charge brought against him, and not to depart from the court without leave.

He was indicted under Act 63 of 1884, which defines the crime for which he was indicted.

After the witness had been examined and argument of counsel heard, it was late at night; the court instructed the jury that they might return a sealed verdict to the clerk, in the absence of the

court, and thereafter separate until the next day. The jury having agreed on a verdict during the night and having had it filed in accordance with instructions, when they appeared in the morning to have their verdict read and recorded the accused was absent.

He was called and failed to appear; thereupon his bond was forfeited and judgment was rendered against the surety, who is the appellant here.

The errors complained of on appeal are:

1. The bond did not define any offence denounced by statute.

2. Act 63 of 1884 is in violation of the Constitution of the State

3. The only bond required, after the indictment has been found, is one conditioned for the appearance of the accused for trial, and that the accused had complied with the condition.

The appellant with reference to the first ground concedes that an appearance bond need not, prior to indictment, technically define the offence charged, but contends (after an indictment is found against the accused) that a bond for his appearance to be legal, must define the offence charged in the indictment.

In our view in this particular very little difference is to be made between a bond given prior to the indictment of an accused or a bond given after he has been indicted. In either case the recognizance need not set out the offence charged with the technical accuracy prescribed in an indictment. Archibold, Vol. 1, p. 196. It follows that a recognizance not containing a description of the offence, strictly as stated in the statute, may be good.

"The reasons that impel courts to require strict conformity to statutory or general rules for the structure of indictments, and for the description of crime therein, do not apply to bonds executed to enable accused persons to liberate themselves from imprisonment." State vs. Tennant, 30 An. 853.

There were several conditions inserted in the bond, to which the accused and his sureties must be held. One of these conditions was that the accused would not depart from the court without leave.

It was express that the accused should not leave before his discharge by the court. By departing as he did we think that he has violated one of the principal obligations of the bond. State vs. Ridding, 8 An. 79.

In a case relied on by the appellant it was held the bond would have been sufficient if it had contained the condition not to depart

from the court without leave first obtained, thereby affirming the view expressed in this and the other decisions cited. State vs. Forno, 14 An. 450.

"The condition was also that the accused should not depart without leave of the court, and having violated this condition of the bond he and his sureties are equally bound." State vs. Ansley, 13 An. 299.

In State vs. Cole and Williams, 12 An. 472, this court said:

"It is sufficient answer to this objection that the accused bound himself not only to appear at court to answer that specific charge, but also not to depart thence without leave of the court first obtained. Having departed without leave his bond was justly forfeited." Citing: 1 Chitty's Criminal Law, p. 105.

This rule was expressly stated and reaffirmed in State vs. Tennant.

In another jurisdiction the bond omitted to stipulate that the accused should answer the accusation against him, but it contained the condition that he should remain in court from day to day until discharged; it was held the omission did not impair the validity of the bond. Gray vs. State, 11 Texas App. 527.

When one enters into the obligation of suretyship for the appearance of a person charged with crime, the obligation is in character, civil. State vs. Ashley, 13 An. 299.

Here the most important condition was the presence of the accused.

The delivery of an accused to his sureties is conditioned upon their together signing the required bond. The principal feature of the bond, and that which it is intended to secure, is his presence in court. Besides, in this case, the endorsement on the bond and the whole record showed the nature and character of the offence with which the accused was charged. The number on the face of the indictment and on the face of the bond is the same. It follows that the sureties must be held to have known that they were signing a bond for his appearance to answer to an offence charged, although not correctly described in the bond.

We will conclude upon this point by referring to the case of State vs. Porter, 63 Missouri, 522, in which the court said that the bond was binding; that in the People vs. Stager (10 Wend. 431) it was held that the clause "not to depart until discharged," is unnecessary

in respect to the charge, which is the basis of the recognizance; that its use is to detain the accused on other charges that may be preferred against him. A similar view of the ends to be accomplished in such a cause in a recognizance is taken in earlier books, citing Hawk. Pl. Cr., Ch. 15, No. 84.

It is next contended by the defendant that the condition of the bond, " that the accused shall not depart without leave of the court," was not authorized by the statute; that Revised Statutes, Secs. 1033 and 1910, contain no such requirement. May it not be said in answer that one who becomes security on a bond required by law, to which he has voluntarily submitted himself, is bound by the obligation he has assumed. The conditions inserted "for the appearance of the accused," Sec. 1010, 3d paragraph, covers, when expressed in the bond, the condition that he shall not depart without the court's leave.

This brings us to a consideration of the defence that Art. 63 of 1884 is unconstitutional.

Act 64 has been by this court decided unconstitutional, *ergo* Act 63 of 1864 should be, for the same reason, decided unconstitutional, is the position of the appellant.

The security on the bond takes the fortune of his principal, and is bound equally with him. A fugitive from justice, principal on the bond for his appearance in answer to an indictment, can not object that the law under which he was indicted was unconstitutional. The plea in his behalf can only be made in his presence. The bail, no more than the principal, has the right to invoke the unconstitutionality of the law, while the latter is an absconder. If the bond is illegal, upon the ground of the unconstitutionality of the law, it follows that the indictment is illegal. The accused would indirectly accomplish that which it was impossible for him to accomplish directly, and this by a plea of his security, in whose friendly custody he is, in law, supposed to continue after he has obtained his release on the bond.

Lastly, it is contended by the appellant that the judgment of forfeiture should be vacated, because the accused appeared, was put on trial and convicted.

Here, again, the surety is met by the condition inserted in the bond that his principal was not to depart without leave of the court.

The principal was not formally surrendered. He was tried, but

left before the jury had returned the verdict in open court.   The bail was not discharged by the fact that the principal was put on his trial.   This was clearly decided in the case of State vs. Norment, 12 La. 511.

The court said in that case: "The accused did accordingly appear, but departed thereafter without leave of the court, whereby the condition of the bond was broken and the forfeiture incurred."

In State vs. Martel *et als.*, 3 R. 23, Judge Martin, for the court, said: "The condition of the bond is that the principal shall appear at the court, and shall not depart the said court without leave thereof.   The breach of the recognizance is his departure without leave of the court."

Believing the decisions in these cases to be correct, we are not disposed to overrule them.

They have the support of decisions in other jurisdictions; thus, in the case of Alexander *et al.* vs. Georgia, Kelly's R., p. 139, the court held, in a case, the facts being substantially similar: "The sureties must have their principal to answer to the sentence of the court."

After a complete review of the issues, we have found no ground upon which the surety can be relieved.

It is ordered, adjudged and decreed that the judgment appealed from is affirmed.