(33 South. 57.)

No. 14,523.

STATE v. MILLER.

(Nov. 17, 1902.)

SURRENDER BY BAIL—RELEASE OF SURETY.

1. The provisions of section 1033 of the Revised Statutes that "any surety may be relieved from responsibility by making a formal surrender of the defendant, or party accused, in open court, or within the four walls of the prison of the parish, and not otherwise," are precise and emphatic, and leave no room for construction. The court is not justified in expunging or ignoring the last words of the statute, and altering the circumstances under which the surety can obtain his release.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Acadia; Conrad De Baillon, Judge.

Ambrose Miller was indicted for breaking and entering a store. On forfeiture of his bond, he and his surety appeal. Affirmed.

Story & Pugh and John J. Robera, for appellants. Walter Guion, Atty. Gen., and William Campbell, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of the Case.

NICHOLLS, C. J. On the 9th of May, 1902, the state of Louisiana obtained in the district court for the parish of Acadia a judgment against H. M. Skolfield for the sum of $750, with interest.

Skolfield was surety for Ambrose Miller on a bond furnished by him to appear before the district court for the parish of Acadia to answer to the charge of breaking and entering in the nighttime the store of Miller & Kaplan. The bond was forfeited upon the nonappearance of Miller when called, and his nonproduction by the surety. The validity of the judgment is not questioned. At the time of the forfeiture of the bond a bench warrant was ordered to be issued for the arrest of Miller, and one was accordingly placed in the hands of the sheriff. While this warrant was in the hands of the sheriff, Skolfield ascertained that Miller was in New Orleans, and proceeded to that point; the sheriff of Acadia having gone there by anticipation.

The sheriff testified that he showed him where he was, and he surrendered him the next day (the 23d of May, 1902), in New Orleans. He was, after this, placed in jail by the sheriff.

On the 27th of May, 1902, Miller and his surety, Skolfield, moved to set the judgment aside for the reason that Ambrose Miller was delivered to the sheriff of Acadia by his said bondsman, Skolfield, and is now within the four prison walls of said jail; that but one judicial day had elapsed since the rendition of said judgment; and that no execution had issued since the rendition of said judgment. The district court refused to set aside the judgment, and Skolfield appealed.

Opinion.

It is stated in the brief for the state that on May 27, 1902, an application was made for bond, and a second bond was allowed, the amount of the same being fixed at $1,000; that Miller was, at the time of the filing of the brief, out on the second bond furnished, and the case was then pending. These facts do not appear in the record. No brief has been filed on behalf of the appellant.

It is not pretended that the accused has yet been tried.

Section 1033 of the Revised Statutes reads:

"The appearance and answer of any defendant or party accused upon call made as provided for in the preceding section, shall not operate as a discharge or release of any surety from his responsibility, and no such surety shall be discharged or released from his responsibility, until the final trial and conviction or acquittal of such defendant or party accused. Any surety may be relieved from responsibility by making a formal surrender of the defendant or party accused in open court, or within the four walls of the prison of the parish, and not otherwise."

The accused was not surrendered by his surety to the sheriff or his deputy in open court, nor did he surrender him within the four walls of the prison. The surrender, if formally made, took place in the parish of Orleans. The subsequent placing in jail of the accused was not the act of the surety, but of the sheriff. The statute, after setting out the precise circumstances under which the surety is entitled, by a surrender of the accused, to a discharge, declares that it must be made under those specified circumstances.

We do not feel ourselves justified in expunging or ignoring the last words of the statute.

In State v. McMichael, 50 La. Ann. 431, 23 South. 993, this court said: "This formal surrender is declared by section 1033 of the Revised Statutes to be essentially necessary for the release of the sureties from their responsibility. The law is precise and emphatic, and leaves no room for construction." We see no material difference between this case and that of State v. Martin, 49 La. Ann. 752, 22 South. 224. There is no error in the judgment appealed from, and it is hereby affirmed.