(66 South. 394)

No. 20774.

STATE v. REAMES.

(Nov. 4, 1914.)

*(Syllabus by the Court.)*

COURTS ⟶224—SUPREME COURTS—JURISDIC-
TION — JUDGMENT FORFEITING APPEARANCE
BOND.

The Supreme Court has no jurisdiction over
an appeal from a judgment forfeiting an appear-
ance bond for $150, in a prosecution for carrying
concealed weapons. In misdemeanors, the ju-
risdiction of the Supreme Court depends on the
punishment actually imposed. Const. 1913, art.
85.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig.
⟶224.]

Appeal from Second District Court, Parish
of Webster; J. N. Sandlin, Judge.

An appearance bond given by Thomas
Reames, conditioned for his appearance to
answer an information charging him with
carrying concealed weapons, was forfeited
and a judgment rendered in solido against
him and his sureties, and, from the overruling
of motion to set aside the judgment, they ap-
peal. Appeal dismissed.

L. K. Watkins, of Minden, for appellants.
Ruffin G. Pleasant, Atty. Gen., and Thomas
W. Robertson, Dist. Atty., of Minden (G. A.
Gondran, of New Orleans, of counsel), for
the State.

LAND, J. Defendant was charged on in-
formation with carrying concealed weapons,
and was released on an appearance bond in
the sum of $150, with the usual conditions.
The bond was duly forfeited at the next term
of court and judgment rendered in solido
against the defendant and his two sureties,
who on the same day moved to set aside the
judgment on the same grounds urged by them
in the case of State v. Thomas Reames, 66
South. 393 [1] (No. 20773), this day handed
down. The motion was overruled, and the
sureties have appealed.

—————
[1] Ante, p. 48.

We do not think that we have any jurisdic-
tion of this appeal, as neither the offense
nor the amount in dispute are within our
jurisdiction. In misdemeanor cases our ju-
risdiction is determined by the punishment
actually imposed and not by punishment
which may or may not be imposed. See
Const. 1913, art. 85.

As the appeal is of a quasi criminal char-
acter, the Court of Appeals is without juris-
diction in the premises, and hence the ap-
peal cannot be transferred to that court.

Appeal dismissed.