LAND, J.
Defendant was indicted for shooting one Cook with intent to kill and *49 murder, and his appearance bond was fixed at $300. A warrant issued under which the defendant was arrested. He was released on giving bond in the sum of $300, with S. H. Ford and W. D. Moreland as sureties. The bond was duly forfeited at the next term of the court, and judgment was rendered in solido against the defendant and his sureties.
Subsequently the defendant and his sureties filed a motion to set aside the judgment of forfeiture on the ground that the bail bond was not identified with the case, and was not in conformity or" accord with any orders of court, nor was supported by the charge preferred against the defendant, and on the further ground that the defendant was surrendered to Robert Bigley, deputy sheriff, several days before the case was called for trial, and the bondsmen were not responsible for his escape, and were fully discharged.
[1] The first ground is based on the circumstance that the bond recites a charge of “shooting at with intent to kill, and murder,” while the indictment charged “shooting with intent to murder.” The warrant, of arrest properly recites the' charge against the defendant, and there is no doubt that the bond was given for the purpose of releasing the defendant from the arrest made under said warrant. The bond corresponds in amount with the order of court and with the warrant. It is not shown that any other indictment of a like nature was then pending against the defendant. This ground of defense is based solely on the insertion of the word “at” in the bond after the word “shooting.” The insertion was obviously a clerical error. The bond contained the usual condition that the accused would appear at the June term, 1914, of the court, and not depart the court without leave first had and obtained.
The fact that the offense is not sufficiently or is incorrectly set forth in the bond does not relieve the sureties, who are held to have known that they were signing a bond for the' appearance of the accused at the next term of court. State v. Ruthing, 49 La. Ann. 909, 22 South. 199; Marr’s Orim. Jurisprudence, § 207.
The second ground is based on the following statement of facts:
“The accused was turned over to a special deputy 30 miles from the courthouse and escaped at that point, and not in open court or in the four walls of the jail. The evidence showed that the deputy was to be paid by the bondsman.”-
[2] The last paragraph of section 1033 of the Revised Statutes of 1870 reads as follows:
“Any surety may be relieved from responsibility by making a formal surrender of the defendant or party accused to the sheriff or his deputy, in open court, or within the four walls of the prison of the parish, and not otherwise.”
The counsel for the sureties construe the above paragraph to mean that the surrender may be made to the sheriff or his deputy anywhere within the limits of the parish. Counsel admits that State v. Martin, 49 La. Ann. 755, 22 South. 224, and State v. Miller, 109 La. 27-29, 33 South. 57, are to the contrary, but contends that in those cases this-court did not punctuate the said paragraph correctly. Be that as it may, the court undoubtedly held that the surrender to the sheriff must be made in open court or within the four walls of the prison.
With all due deference to counsel; we are of the same opinion. The words “and- not otherwise” necessarily exclude a surrender in. any other place, mode or manner.
Judgment affirmed.