(78 South. 601)

No. 23036.

STATE v. LANKFORD.

(April 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. BAIL ⬳57—APPEARANCE BOND—DATE OF OFFENSE.

Where the affidavit, made April 28, 1917, charged an offense committed on October 23, 1917, and the condition of the appearance bond was to answer an offense committed October 23, 1916, the error in the affidavit was merely clerical, the date therein being an impossible one, and did not relieve the surety, the bond itself supplying its date.

2. BAIL ⬳49—APPEARANCE BOND — ORDER FIXING AMOUNT.

That the record fails to show any order fixing the amount of appearance bond does not relieve the surety from a forfeiture, where the bond was ordered by justice of the peace, as a justice court, not being a court of record, no proceedings therein need be in writing, and the acceptance of the bond and its transmission to the district court furnished sufficient proof that it was taken by order of the justice of the peace.

Appeal from Fourth Judicial District Court, Parish of Union; Joseph Burrough Crow, Judge.

K. D. Lankford was arrested on a criminal charge, and he gave an appearance bond, and from a judgment forfeiting such bond, C. D. Lankford, surety, appeals. Affirmed.

J. W. Elder and H. G. Fields, both of Farmersville, for appellant. A. V. Coco, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (Vernon A. Coco, of New Orleans, of counsel), for the State.

LECHE, J. C. D. Lankford, surety on an appearance bond, furnished by K. D. Lankford, appeals from a judgment forfeiting said bond.

An affidavit was made April 28, 1917, before J. W. Brown, justice of the peace for the Third ward of the parish of Union, by May Williamson, charging K. D. Lankford with having on the 23d day of October, 1917, had carnal knowledge of her, the affiant, a female between the ages of 12 and 18 years.

The accused was arrested, and on May 5, 1917, in said justice of the peace court, furnished bond in the sum of $300, with C. D. Lankford as surety, conditioned for his appearance before the Fourth judicial district court for the parish of Union, to answer the said charge of having on the 23d day of October, 1916, had carnal knowledge, etc.

The accused was accordingly indicted by the grand jury for the parish of Union on the 21st day of September, 1917. Failing to appear in the district court when called, the bond was regularly forfeited on October 15, 1917, and judgment of forfeiture was signed on the 17th, two days thereafter.

The present appeal is taken from said judgment, and appellant relies for a reversal of said judgment on two grounds:

(1) That the condition of the bond is to appear in order to answer an offense committed on October 23, 1916, whereas the affidavit charges an offense committed on October 23, 1917.

(2) That the record fails to show any order of court fixing the amount of said bond.

Opinion.

[1] Appellant's first objection is based upon an error which is clearly of a clerical nature. The affidavit was made April 28, 1917, and therefore the offense charged must of necessity have been committed before that date. The bond itself supplies the date. An incorrect or insufficient description of the offense in an appearance bond does not relieve the surety. State v. Reames, 136 La. 48, 66 South. 393. A fortiori will a correct description as to date, when the date in an affidavit is an impossible one, not relieve the surety.

[2] Appellant's second objection would be well taken if the bond had been furnished in a proceeding before the district court, but it

was ordered and taken in a justice of the peace court before the justice of the peace himself, and there is no law requiring a written order under such circumstances. A justice of the peace court is not a court of record, and no proceeding before that court need be written, unless specially provided by law. The acceptance of the bond by that court and its transmission to the district court furnishes sufficient proof that it was taken by order of the justice of the peace. State v. Hendricks, 40 La. Ann. 724, 5 South. 24, 177.

The judgment appealed from is affirmed.