O’NIELL, Chief Justice.
 

 Jesse Richardson was indicted for the crime of manslaughter, and was convicted, but on appeal the conviction and sentence were set aside and the case was remanded to the district court for a new trial. State v. Richardson, 175 La. 823, 144 So. 587. Thereafter, Richardson asked to be released on bail, and the district judge granted the release and fixed the amount of the bond at $500. When Richardson’s attorney tendered the bond to the sheriff, with the names of several persons who would sign the bond as surety, the sheriff telephoned to the judge that there was much ill feeling against Richardson, at Erwinville, where he had resided and where the killing occurred, and that Richardson might get hurt — meaning that he might be lynched — if released on bail. The judge, therefore, rescinded the order for bail; and Richardson’s attorneys brought this habeas corpus proceeding.
 

 The district judge and the sheriff, in their answers to the writ of habeas corpus, direct our attention to the fact that Richardson is a colored man and that the man whom he killed, J. O. Hewes, was a white man. That is true, but we have in mind also that a grand jury composed of twelve white men, from all parts of the parish, indicted Richardson for manslaughter, not murder, and that two members of the jury that tried Richardson— the jury being composed entirely of white men — voted for an acquittal. Richardson’s plea was that he had shot Hewes in self-defense, when Hewes had come to Richardson’s home and shot at him with a rifle. The indictment for manslaughter was returned less than three months after the killing, and nearly a year ago. It is not likely that there is any greater prejudice against Richardson in his home town now than there was when the indictment was brought in.
 

 The district judge, in his answer to the writ of habeas corpus, suggests that we might take judicial cognizance of the fact that a negro convicted of killing a white man in West Baton Rouge parish was forcibly taken from the jail and hanged by a mob, in December, 1912, and that another negro was forcibly taken from the parish jail and hanged by a mob for shooting and wounding a white man, in February, 1921. As we are not reminded of — and do not recall — any instance where a negro has suffered mob violence in his home, in West Baton Rouge parish, the lynchings which the judge refers to do not convince us that Richardson is absolutely safe from such danger in the parish jail.
 

 We have no doubt, of course, of the good faith or of wisdom of the district judge, or of the sheriff, in their anxiety for Richardson’s safety from mob violence; but we do not find the danger so great that Richardson’s guaranty against excessive bail, under section 12 of article 1 of the Constitution 1921, should be withheld. The judge says, in his answer to the writ of habeas corpus, that, when Richardson’s attorney complained of the judge’s having rescinded his order releasing Richardson on a bond of $509, he (the judge) said that, if Richardson should be afraid to return to his home in Erwinville, the fear might induce him to become a fugitive from justice, and that, for that reason, the judge would fix the bond at a sum not less
 
 *753
 
 than $5,000. The purpose of requiring bail for the release of á prisoner until trial is¡ primarily, not to collect for his becoming a fugitive from justice, but to compel him to remain within the jurisdiction of the court. The proposal of the district judge, therefore, to increase the bail from $500 to $5,000, would not lessen the danger of mob violence. We do not doubt that a district judge might, for sufficient cause, increase the amount of bail to be required of a prisoner, after the judge has fixed the amount, but before the bail is given; but this is not a case of sufficient cause for increasing the amount which the judge fixed at $500. The only question is whether the reason which the judge had for rescinding his order releasing Richardson on a bond for $500 was a sufficient reason. Our conclusion is that it was not.
 

 The order of the district judge for the release of the relator, Jesse Richardson, on a bond of $500, with good and solvent surety, is ordered reinstated.