O'NIELL, C. J., dissents, being of the opinion that the selecting of the general venire list entirely from the roll of registered voters is not, in the circumstances of this case, a correct method of selection.

31 So.2d 193

In re DIAZ.

No. 38310.

Feb. 10, 1947.

Rehearing Denied June 16, 1947.

See also 31 So.2d 247.

R. A. Dowling, of New Orleans, for appellants Mrs. Mary Diaz and Henry Weiser.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Herve Racivitch, Dist. Atty., and Geo. McCulloch and Alexander E. Ralston, Jr., Asst. Dist. Atty., all of New Orleans, for the State.

McCALEB, Justice.

In conformity with the procedure set forth in Act No. 169 of 1944, a preliminary petition was filed in the Juvenile Court for the Parish of Orleans on June 8, 1945, charging that Bruno Diaz, the three and one-half month old infant of Mary Cicero Diaz, was without proper parental care or guardianship and, therefore, a neglected child because his mother cruelly beat him on June 6, 1945, in the office of a Dr. Ciolino. On June 13th, the mother filed a motion for bail for the child as he was then in the custody of St. Vincent Orphan Asylum. The Court granted the motion, fixing the amount of the bond at the sum of $1000. On June 15th, an appearance bond was furnished by Mrs. Diaz with herself as principal and appellant, Henry Weiser, as surety, for the sum of $1000, payable to the State. The condition of the bond is that the surety, Henry Weiser, shall produce the body of the child, Bruno Diaz, in the Juvenile Court "on such days and at such times as said Court may order * * *."

On June 14, 1945, a final petition was ordered by the Court and the case was tried on June 21, 1945. The child was not produced at the trial. However, he was represented by the Chief Probation Officer of the Court, which is permissible in Juvenile Court trials in matters involving children. See Section 12 of Act No. 169 of 1944. No judgment was rendered at the hearing on June 21st because the Court was of the opinion that it would be advisable to continue the matter so that it could receive a report from a psychiatrist respecting the mental condition of the mother of the child. Subsequently, after five continuances of the case, the Court, on August 2, 1945, entered a judgment decreeing Bruno Diaz to be a neglected child and ordered that he be placed in St. Vincent Orphan Asylum. The child was not personally present when the judgment was pronounced but he was represented by the Chief Probation Officer of the Court, in conformity with law.

At the time of the rendition of this judgment, the Court issued a warrant for the arrest of the child but the officers were unable to execute the same. Thereafter, the bondsman, Henry Weiser, was ruled into Court to show cause why the appearance bond should not be forfeited. This rule was set for trial on August 14, 1945 but, upon the plea of Weiser's attorney, the matter was continued on nine separate occasions in order to give Weiser more time to locate the child and produce him in court. Finally, on April 4, 1946, the rule to forfeit the bond was brought to trial at which time Mr. Weiser and Mrs. Diaz, the mother of the child, appeared. Mrs. Diaz testified at this hearing that the child was on the Gulf Coast (beyond the jurisdiction of the Court) and she stated positively that she would not produce him. In these circumstances, the Court made the rule absolute and forfeited the bond against the principal, Mrs. Diaz, and Henry Weiser, the surety, in solido. Weiser prosecuted this appeal from the judgment of forfeiture and the matter has been submitted to us on the briefs filed by his counsel and counsel for the State.

The major portion of the brief filed by counsel for Weiser is devoted to a discussion of the alleged error of the Judge in determining that Bruno Diaz is a neglected child. The question of the correctness of that judgment is not before us as no appeal has been taken therefrom. Weiser, as surety of the appearance bond, has appealed from the judgment of forfeiture as that is the only judgment affecting him and about which he has a right to complain. Therefore, our inquiry on this appeal is necessarily limited to questions respecting the legality of the bond and whether the surety has become responsible to the State by reason of his failure to comply with the condition of the obligation.

The complaints of Weiser respecting the forfeiture of the appearance bond are:

(1) That the bond has not been filed in the record;

(2) That the bond was not offered in evidence at the forfeiture hearing;

(3) That the judgment of forfeiture was not entered against any person as principal of the bond; and

(4) That there was no legal authority for the giving of the bond.

█ We find none of these contentions meritorious. While it is true that the bond was not contained in the record at the time it was filed, its absence therefrom was due to inadvertence. Prior to the submission of the case, the Clerk of the Juvenile Court brought a certified copy of the bond to the Clerk of this Court and caused it to be filed in the transcript, together with his affidavit that the certified copy of the appearance bond was inadvertently omitted from the transcript.

An examination of the bond discloses that it is executed by Mary Cicero Diaz, mother of the child, and Weiser, acknowledging themselves to be severally indebted to the State of Louisiana in the sum of $1000. The condition of the bond, as above pointed out, is that Weiser, as surety, shall produce the body of Bruno Diaz in the Juvenile Court on such days and at such times as said Court may order.

The right of the Judge to require an appearance bond is authorized by Section 10 of Act No. 169 of 1944 and the judgment shows that the bond was forfeited against both the principal and the surety, all in substantial conformity with the requirements of Article 107 of the Code of Criminal Procedure which prescribes the procedure for the forfeiture of bail bonds.

█ It was not necessary, in our view, that the appearance bond be offered in evidence at the forfeiture hearing. Article 107 of the Code of Criminal Procedure does not require that the bond be offered in evidence and no authority has been cited to us by appellant supporting this contention.

█ As a matter of fact, the judgment of forfeiture, while an appealable judgment under the provisions of Article 107 of the Code of Criminal Procedure, is an interlocutory decree because it is provided in that Article that "said judgment of forfeiture shall be set aside if, at any time before the collection of the same, the principal" (meaning the child in cases such as this) "shall have personally appeared * * *." Hence, if the appellant is able to produce the child in the Juvenile Court at any time before the collection of the judgment, the forfeiture must be set aside.

The judgment appealed from is affirmed.