LOBRANO, Judge.
This appeal arises from a judgment of bond forfeiture in favor of appellee, the State of Louisiana and against appellant, Gramercy Insurance Company in the amount of twelve thousand ($12,000.00) dollars.[1]

FACTS AND PROCEDURAL HISTORY:

On June 23, 1983, Lionel Lombard was charged by bill of information with criminal neglect of family, a violation of Louisiana Revised Statute 14:74. On July 29, 1983, following a hearing in Section “E” of the Juvenile Court for the Parish of Orleans, Lombard was found guilty as charged and was ordered to pay child support in the amount of two hundred and fifty ($250.00) dollars per month for the support of his minor child, Lionel Lombard, Jr.
In the months and years that followed, Lombard repeatedly failed to make the court ordered payments or to appear in court. As a result, on March 3, 1988, the juvenile court issued a capias for Lombard’s arrest. On November 27, 1989, Lombard was arrested on the outstanding capias. He subsequently entered into a bond contract with Gramercy Insurance Company through its agent, Roland Gilbert, in the amount of twelve thousand ($12,000.00) dollars to insure Lombard’s appearance before the juvenile court. Because Lombard had accumulated arrears totaling eighteen thousand nine hundred and twenty five ($18,925.05) dollars and five cents, the State filed a rule to show *1167 cause why Lombard should not be held in contempt. This rule was scheduled for February 16, 1990. Again, Lombard failed to appear. The juvenile court continued the hearing to March 22, 1990 and appointed two special process servers to serve Lombard. Again, Lombard, who received personal service, failed to appear. The juvenile court ordered a second capias in the amount of ten thousand ($10,000.00) dollars be issued for Lombard’s arrest and ordered the twelve thousand ($12,000.00) dollar appearance bond forfeited. Pursuant to Louisiana Revised Statute 15:84(A)(1), both the surety and the agent for the surety were notified of the forfeiture within the time allowed by law.
On November 23, 1990, nine (9) months after the judgment of bond forfeiture, Gramercy Insurance Company, through counsel, filed a Motion to Set Aside Judgment of Bond Forfeiture and a Petition for Nullity of Judgment. A hearing was held on the motion and petition on December 21, 1990. Lombard was present at this hearing. Gramercy argued that since the bond had not been collected and Lombard was surrendered to the court, the judgment of forfeiture should be set aside. The court denied the motion and petition and on January 24, 1991 signed a judgment to this effect.
Gramercy appeals the January 24, 1991 judgment asserting the following assignments of errors.
1) The trial court erred in denying the surety’s motion to set aside judgment of bond forfeiture when the surety offered and surrendered the defendant to the court before the collection of the bond.
2) The trial court erred in denying the surety’s motion to set aside judgment of bond forfeiture/petition for nullity of judgment when the judgment of bond forfeiture was an absolute nullity for defects patent on the face of the proceedings leading up to it.

ASSIGNMENT OF ERROR 1:

Gramercy asserts that pursuant to Louisiana Revised Statute 15:84(A)(3), it is mandatory that the judgment of forfeiture be set aside if, at any time before collection of the bond, the principal has been surrendered to the court. We disagree.
Gramercy cites several cases in support of its position. Suffice it to say that all of these cases are distinguishable on their facts and are not applicable to the instant case.[2]
Gramercy fails to acknowledge a full and complete reading of Louisiana Revised Statute 15:84 which provides:
“A. All bonds taken to secure the appearance of any person before any city, parish, or juvenile court, or at any preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for the appearance of any person before any city, parish, or juvenile court, or at any preliminary examination, such person fails to appear, the judge shall enter a judgment decreeing the forfeiture of the bond and against the principal and his sureties in solido for the full amount thereof, and within twenty four hours after the rendition of said judgment, unless the same has been paid, except in the case of surety companies authorized to do business in this state, shall cause the same to be recorded in the mortgage office of the parish in which said bond has been forfeited, and may at any time cause said judgment to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. After entering the fact of such failure to appear in the court *1168 minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof, and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within sixty days after the entry of the forfeiture shall release the surety from all obligation under the bond.
* * * * * *
3) The judgment of forfeiture shall be set aside if at any time before the collection of the same, the principal has been surrendered or has personally appeared and the trial or preliminary examination for which he has given bond to appear has been actually held; but it shall be within the sound discretion of the judge, for adequate cause shown, to continue any trial or preliminary examination to a date fixed by him.” (emphasis added).
Because of Lombard’s repeated failures to appear for scheduled hearings before the juvenile court, even though he had been personally served, the court required him to post a twelve thousand ($12,000.00) appearance bond. When Lombard again failed to appear for the hearing scheduled for March 22, 1990 the bond was forfeited and the hearing was not held. The court, in its discretion continued the matter after issuing another capias for Lombard’s arrest. According to the plain wording of R.S. 15:84(A)(3) the forfeiture “shall be set aside if ... the principal has been surrendered ... and the trial or preliminary ... has been actually held.” The hearing for which the bond had been posted never occurred, thus the trial court did not err in refusing to set aside the forfeiture even though Lombard was surrendered by Gramercy.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:

Gramercy asserts the judgment of bond forfeiture is an absolute nullity for defects patent on the face of the bond contract. Specifically, Gramercy argues the language of the bond guaranteed the appearance of Lombard before a “Municipal Court” not a juvenile court. We disagree.
Code of Criminal Procedure Articles 331 provides:
“The bail undertaking must:
(1) Be in writing;
(2) State the court before which the defendant is bound to appear;
(3) Be entered into before an officer who is authorized to take it; and
(4) State the amount of bail.
The bail undertaking shall be enforceable if the above requirements are met; and a person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside or reversed, or the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital or of a condition of the undertaking, by reason for a failure to note or record the default of any defendant or surety, or because of any other irregularity.” (emphasis added).
A review of the appearance bond contract reveals the bond was entered into between Lionel Lombard and Gramercy Insurance Company and the juvenile court, Section “E”. The words “Municipal Court” are clearly scratched out and the words “Juvenile Court” clearly written in. The bond states that Lombard is to appear to answer to a charge of criminal neglect of family and that the amount is twelve thousand ($12,000.00) dollars.
We note two errors in paragraph two of the contract, to wit:
“The condition of the above Obligation is such, That if the above bounden Lionel Lombard shall personally appear before the Honorable Municipal Court to be held on the day for which he shall be so notified, then on whatever day after-wards the said Court shall be held, or he shall be notified to attend then and there, to answer to the City aforesaid for and concerning a charge of juvenile neglect of family ...” (emphasis added).
*1169 We must conclude that these errors are clearly an oversight. The phrases “Honorable Municipal Court” and “to the City” should have been scratched out and “Juvenile Court” inserted as was done in the heading. Given the four corners of the bond contract there is no reason to believe that either Lombard or the surety was confused or misled as to the purpose of the bond or the court before which Lombard was to appear. The bond guaranteed Lombard’s appearance before the juvenile court, Section “E” to answer to the charge of neglect of family. Any argument to the contrary lacks merit. The bond conforms to the requirements of Article 331 in all respects. The inadvertent errors in paragraph two do not render the judgment of forfeiture an absolute nullity. See, State v. Reames, 136 La. 48, 66 So. 393 (1914).
Gramercy’s argument that no evidence was produced to forfeit the bond is equally lacking substance. The reason speaks for itself. The bond was posted to guarantee Lombard’s appearance before the juvenile court. Lombard was personally served and failed to appear.
This assignment of error is without merit.
For the reasons assigned above, the judgment of the juvenile court is affirmed.
AFFIRMED.

. We initially dismissed this appeal for lack of jurisdiction. The Supreme Court, however, reversed and reinstated the appeal.

. In In re Diaz, 211 La. 1008, 31 So.2d 193 (La.1947), the hearing for which the appearance bond was posted was actually held despite the absence of the bonded party; In State v. Salgologo, 491 So.2d 361 (La.1986), State v. Hathaway, 403 So.2d 737 (La.1981) and State v. DeLa-Rose, 391 So.2d 842 (La.1980), the court reversed the judgment of forfeiture because of procedural errors committed by the State. In State v. Richardson, 176 La. 750, 146 So. 737 (1933), the court reinstated the trial court's original bail order for release of prisoner finding reasons for rescission of original bail of $500.00 and increased to $5,000.00 insufficient. Richardson is not a forfeiture case. In State v. Young, 142 La. 865, 77 So. 772 (1918) the court upheld the bond forfeiture on constitutional grounds.