764 So.2d 1061 (2000)
Vickie Barron HARPER, Charles Barron, June Barron Bickford, Donna Barron Wiley, James Robert Barron, David Barron, Kathy Barron Sullivan and William Earl Barron
v.
J. Edward LAYRISSON, Sheriff of Tangipahoa, Randy Pinion, Warden of Tangipahoa Parish Jail, and the Tangipahoa Parish Sheriff's Office, et al.
No. 99 CA 0544.
Court of Appeal of Louisiana, First Circuit.
April 10, 2000.
Writ Denied June 23, 2000.
*1062 Ralph L. Fletcher, Baton Rouge, for Plaintiff/Appellant Vickie Barron Harper, et al.
Scott G. Vincent, New Orleans, for Defendant/Appellee J. Edward Layrisson, et al.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
WHIPPLE, J.
This is an appeal by plaintiffs, Vickie Barron Harper and her siblings, from a judgment of the trial court maintaining defendants' Exception of No Cause of Action and dismissing plaintiffs' suit against J. Edward Layrisson, Sheriff of Tangipahoa Parish, et al., for the wrongful death of their mother, Birdie Ellen Barron. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 17, 1997,[1] the Tangipahoa Parish Sheriff's office responded to an obscenity complaint involving Aaron Stanley ("Stanley"). While the responding deputy was taking a statement from the complainant, Stanley was seen walking by. The deputy approached Stanley to question him and Stanley pointed a sawed-off shotgun at the deputy. In response, the deputy drew his weapon and ordered Stanley to drop the gun. Stanley then ran into nearby woods and, despite being chased by deputies, was able to escape. The gun, which was later found in the woods, had been reported as stolen.
Arrest warrants were issued against Stanley on the charges of resisting arrest by flight, obscenity, possession of stolen property, and aggravated assault. The warrants were executed on May 20, 1997, and Stanley was arrested at his home pursuant to these charges on June 3, 1997. Bond was later set by a judge of the Twenty-First Judicial District Court in the amount of $15,000.00.
On June 6, 1997, Stanley was allowed to sign himself out of the Tangipahoa Parish Jail on his own recognizance, without any approval by or consultation with the judge who set the initial bond or any other judge in the Twenty-First Judicial District.[2] He was given a return date of August 6, 1997, to appear in court on the aforementioned charges.
On August 5, 1997, Stanley broke into the home of Birdie Ellen Barron in Tickfaw, Louisiana, and strangled and severely beat her. She later died as a result of injuries received in the attack. According to plaintiffs, Stanley broke into her home in an attempt to steal money to allow him to escape the court's jurisdiction and avoid his scheduled court appearance the following day.
Mrs. Barron's children filed a petition for damages for her wrongful death on July 31, 1998, against defendants, J. Edward *1063 Layrisson, Sheriff of Tangipahoa Parish; Randy Pinion, Warden of Tangipahoa Parish Jail; the Tangipahoa Parish Sheriff's Office; Scottsdale Insurance Company; and Aaron Stanley. In their petition, plaintiffs alleged that: (1) the defendants actively engaged in a practice of negligently releasing inmates to "create a vacancy," without court approval, in order to house federal and/or state inmates at a higher per diem rate, thereby increasing revenue for the Tangipahoa Parish Sheriff's Office; (2) the defendants knew or should have known that Stanley had a history of arrests for violent crimes, and would attempt to escape the jurisdiction of the court to avoid his upcoming court date; and (3) the negligent release of Aaron Stanley was the direct, natural, reasonably foreseeable and proximate cause of Birdie Ellen Barron's death.
In response, the defendants filed an "Exception of No Cause or Right of Action and Prescription." The trial court overruled the defendants' exception raising the objection of no right of action; however, it sustained the exception on the issue of no cause of action and ordered a dismissal of the suit at plaintiffs' costs. The trial court denied the exception of prescription as moot. From this judgment, plaintiffs appeal, alleging that the trial court erred in maintaining the exception of no cause of action and dismissing the suit.

LEGAL PRECEPTS AND STANDARD OF REVIEW
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Leon v. Deters Custom Homes, Inc., 97-0772, p. 3 (La.App. 1st Cir.4/8/98), 711 So.2d 346, 348. In ruling upon the exception, the court must accept wellpleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Kewaunee Scientific Corporation v. Charles Ragusa & Son, Inc., 97-1823, p. 7 (La.App. 1st Cir.9/25/98), 723 So.2d 470, 474.
Every reasonable interpretation must be accorded to the language of the petition in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 96 (La.1975); Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La. 1991). Any reasonable doubt as to the legal sufficiency of the plaintiffs petition must be resolved in favor of a finding that the petition has stated a cause of action. Jarrell v. Carter, 577 So.2d at 123; Monroe Medical Clinic, Inc. v. Hospital Corporation of America, 522 So.2d 1362, 1364 (La.App. 2nd Cir.1988). No other evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. For purposes of deciding such an exception, all well pleaded allegations of this petition, as well as those appearing from annexed documents, must be taken as true. Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060, 1062 (La.App. 1st Cir.), writ denied, 373 So.2d 527 (La. 1979).
Niland's Funeral Service, Inc. v. Stanley, 96-0378, pp. 5-6 (La.App. 1st Cir.11/8/96), 684 So.2d 982, 984.
The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Leon, 97-0772 at 3, 711 So.2d at 348. If the allegations of the petition state a cause of action as to any part of the demand, the exception must be overruled. Kyle v. Civil Service Commission, 588 So.2d 1154, 1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La. 1992).
A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff *1064 can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any cause of action for which relief may be granted. City of New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690, p. 29 (La.7/5/94), 640 So.2d 237, 253; Home Distribution, Inc. d/b/a Southern Daiquiris v. Dollar Amusement, Inc., 98-1692, p. 3 (La. App. 1st Cir.9/24/99), 754 So.2d 1057.
The burden of demonstrating that no cause of action has been stated is upon the exceptor. In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court subjects the case to a de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans, 93-0690 at 29, 640 So.2d at 253.

DISCUSSION
Defendants contend that plaintiffs cannot state a cause of action against them because there is no legal theory upon which liability can be imposed, pursuant to the "Escape Rule" that has evolved over the course of jurisprudence in Louisiana. Citing "Escape Rule" cases, defendants maintain that, by extension, a custodian who may not be held liable for wrongful acts committed by a prisoner after his escape or release likewise may not be held liable for acts committed by a prisoner purposefully released from jail, even if the sheriff was negligent, acted improperly, or lacked authority to authorize the release. Thus, defendants contend, applying the precepts set forth in this line of cases, plaintiffs cannot state a cause of action upon which relief may be granted, as a matter of law, even accepting the allegations of the petition as true.
Plaintiffs, however, contend that the cases cited by defendants in support of their exception are "irrelevant and immaterial in that [the] petition in no way asserts or alleges that the released perpetrator had escaped or was in the process of escaping at the time he murdered [Mrs. Barron]." They contend the issue in this case is "the liability of the Sheriff, Warden and Tangipahoa Parish Sheriff's Office for negligently releasing an arrestee Aaron Stanley on a sign out, against a court ordered $15,000 bond."
At the outset, this court notes that none of the cases cited by the parties contain the particular factual circumstances presented herein. In this case, Stanley was booked and charged with several crimes, given a date upon which he was to return to court, and held on a $15,000.00 bond pending his return court date. At the time of the attack, he had not been convicted of any crime, nor had he escaped from the defendants' custody. He was merely a pre-trial detainee being held in the parish jail pending his ability to make bond. Undisputedly, Stanley did not post bond in the amount set by the trial court, but was released from jail, without judicial authorization or review, three days after his arrest. Also, the acts allegedly giving rise to the claim for damages occurred two months after his release on a "sign out."
Thus, in determining whether or not the trial court erred in granting the exception, the issue presented for review is whether, as a matter of law, a defendant sheriff may ever be held civilly liable for the misconduct of a pretrial detainee purposefully released on his own recognizance by the sheriff despite a judicially set bond.
On appeal, citing the principles enunciated in Frank v. Pitre, 353 So.2d 1293 (La. 1977), plaintiffs contend that a cause of action exists herein upon which liability may be imposed. According to plaintiffs, a cause of action exists for which a sheriff is answerable in civil damages where, as here, the sheriff improperly allows an inmate to be released by ignoring the bond set by the committing court and releasing the inmate in furtherance of the sheriff's *1065 revenue measures. Plaintiffs allege that they should be allowed to establish that the defendants were negligent in determining who should be released and that defendants improperly released Stanley based upon improper economic factors and considerations.
They argue that a release premised upon factors unrelated to the purpose of bail, and made without judicial authorization, constitutes an "illegal release" and breach of the duty owed plaintiffs and the public, for which a cause of action for damages may be asserted. Thus, citing Frank, plaintiffs counter that the exception should have been denied because: (1) Aaron Stanley had a background of violence that was known to the sheriff's office; (2) in fact, he was released from jail on a "sign out" after he had pointed a gun at one of the deputies; and (3) prior to his release, he allegedly was arrested and charged with aggravated assault, a felony. Thus, plaintiffs contend, taking as true the allegations of the petition herein, a "sufficient critical causal connection" exists to state a cause of action against the defendants (which was deemed lacking in Frank).
Citing Green v. State Through Department of Institutions, 91 So.2d 153 (La. App. 1st Cir.1956), and subsequent cases interpreting Green, the defendants contend that if no liability exists where the inmate escapes, (except under very narrow circumstances), there can be no liability where the inmate is released on a recognizance bond. We agree.
LSA-C.Cr.P. art. 311 provides, "Bail is the security given by a person to assure his appearance before the proper court whenever required." LSA-C.Cr.P. art. 326 further provides in pertinent part:
[T]he condition of the bail undertaking in district, juvenile, parish, and city courts shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he will be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without the written permission of the court.
Louisiana courts have consistently held that the purpose of bail is not to protect the public from all harms that the prisoner, or in this case, the detainee, may inflict upon his release. Instead, bail exists to ensure that the accused will appear at trial. Green, 91 So.2d at 155; Frank v. Pitre, 353 So.2d 1293 (La.1977).
As set forth in Green:
An institution's duty to restrain a convicted criminal is not based upon the purpose of protecting the general public from all harms that the prisoner might inflict if he were allowed to escape. A convicted person may be as dangerous on the day of his legal release as he was on the first day that he was confined, although the institution may still be under a legal duty to detain or release him.
As the court further noted, in rejecting any claim of liability:
There is no more reason for the State to be civilly responsible for the convict's general misconduct during the period of his escape than for the same misconduct after a legal release, unless there is some further causal relationship than the release or escape to the injuries received.
Green, 91 So.2d at 155.
Thus, even accepting as true the allegations of the petition, we find no cause of action exists herein. We note that Stanley could have been released upon satisfaction of the judicially set bond and committed the very same acts, regardless of whether his release was authorized and proper pursuant to the judicially mandated bond or otherwise.
As noted in Frank, 353 So.2d at 1296:
For a defendant's violation of a duty to be a legal cause of an injury, his violation must not only be a cause in fact of (i.e., a substantial factor contributing to) the injury, but the duty violated must also have included within its purpose the *1066 prevention of the risk encountered by the plaintiff to his injury.
Thus, even assuming defendants were negligent in allowing Stanley to sign himself out of jail, we are unable to say that this breach of duty or violation could be considered a cause in fact or a legal cause of the death of Birdie Ellen Barron.
Quite simply, bond does not exist for the protection of the public. Instead, as the courts have recognized, it exists to further the goal of ensuring the presence of the criminal accused at trial. Thus, even if the sheriff violated a duty associated with the housing of this pre-trial detainee by negligently allowing him to be released, he could have just as easily committed the same offenses had he been released and at large pursuant to the judicially set bond by posting a commercial surety or property bond. Thus, as a matter of law, the trial court acted properly in holding that no cause of action exists herein upon which liability can be imposed.
This assignment of error lacks merit.

CONCLUSION
For the above and foregoing reasons, the December 22, 1998 judgment of the trial court is affirmed at plaintiffs' costs.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I disagree with the decision reached by the majority in this matter. Tangipahoa Parish's sheriff's office negligently allowed Aaron Stanley ("Stanley"), a prisoner in its custody, being held on a $15,000.00 bond previously set by a judge and charged with several crimes, including aggravated assault, to be released from jail without judicial authorization or review.
Clearly, Stanley's dangerous propensities were known by the sheriff's office. Specifically, the assault charge for which he was being held was a result of Stanley allegedly pointing a sawed-off shotgun at a sheriff's deputy investigating a complaint against him.
As keeper of the parish jail, the sheriff had a statutory obligation to hold prisoners and/or detainees lawfully confined to his custody. When a detainee has violent propensities known to the sheriff, the duty to keep him incarcerated, consistent with the court's orders, is imposed to protect the public from the risk of injury resulting from intentional, unprovoked violent acts by an unlawfully released detainee. Ms. Barron was clearly within the ambit of protection of that duty. Stanley's violent attack on her was a foreseeable consequence of the breach of the sheriff's duty as statutory keeper of the parish jail to maintain this violent detainee in custody until he made bail or was ordered released by a judge. Therefore, the plaintiffs have stated a cause of action based on the actionable negligence of the sheriff.
I respectfully dissent.
NOTES
[1] While plaintiffs' petition refers to this incident as having occurred "on or about June 3, 1997," the parties concede that the correct date is May 17, 1997.
[2] Although the record does not establish or identify the particular employee or employees who released Stanley, it is undisputed that he was released on his own recognizance from the parish jail.