CLAIBORNE, J.
This is an appeal by the plaintiffs, Brent W. Hebert, individually and on behalf of his minor child, Caleb Hebert, and Michelle B. Hebert, individually and on behalf of her minor children, Daniel H. Edwards, Jr. and Zachary F. Edwards, from a judgment of the trial court sustaining the exception of no cause of action filed by the defendants, J. Edward Layrisson, Randy Pinion, and the Tangipahoa Parish Sheriffs Office, and dismissing the plaintiffs’ lawsuit against them.
FACTUAL AND PROCEDURAL BACKGROUND
The facts of this case are discussed in great detail in a similar case already decided by this court, which was based on some of the same operative facts, Harper v. Layrisson, 99-0544 (La.App. 1st Cir.4/10/00), 764 So.2d 1061, writ denied, 00-1312 (La.6/23/00), 765 So.2d 1044, but we will summarize the facts briefly for the purposes of this appeal. A disturbance *645 call investigated by a deputy from the Tangipahoa Parish Sheriffs Office on May 17, 1999, resulted in the arrest of Aaron Stanley at his home on June 3, 1997, on charges of resisting arrest by flight, obscenity, possession of stolen property, and aggravated assault on a police officer. A bond hearing was conducted, and bail was set by a judge of the Twenty-First Judicial District Court in the amount of $15,000.
However, on June 6, 1997, Stanley was allowed to sign himself out of the Tangipa-hoa Parish Jail on his own recognizance, without posting the bail fixed by the judge and without the approval of the judge. He was given a return date of August 6, 1997, to appear in court for arraignment on the aforementioned charges. On August 5, 1997, the day before his scheduled arraignment, Stanley broke into the plaintiffs’ home and severely beat plaintiff Michelle Hebert about the head, face, and body, using a metal hand 13tool. According to the plaintiffs, Stanley broke into their home in an attempt to steal their car keys and vehicle in order to escape from the custody and control of the Sheriff, his agents and employees, and in order to escape from the jurisdiction of the court and avoid his scheduled court appearance on August 6,1997.
On August 4, 1998, the plaintiffs filed the instant personal injury action against Aaron Stanley; J. Edward Layrisson, the Sheriff of Tangipahoa Parish; Randy Pinion, Warden of the Tangipahoa Parish Jail; the Tangipahoa Parish Sheriffs Office; and XYZ Insurance Company. Defendants, J. Edward Layrisson, Randy Pinion, and the Tangipahoa Parish Sheriffs Office (hereinafter “the defendants”), filed an exception raising the objections of no cause or right of action and prescription, which was argued before Judge M. Douglas Hughes on August 9, 1999. At the time of the hearing on the exception, Judge Bruce Bennett of the Twenty-First Judicial District Court had sustained an exception raising the objection of no cause of action in the companion case, Harper v. Layris-son, which was then pending before this court on appeal. Judge Hughes overruled the exception in the instant case at that time, but after this court issued its ruling in Harper v. Layrisson, affirming Judge Bennett’s sustaining of the exception of no cause of action, the defendants in this case filed another exception raising the objection of no cause or right of action. The exception raising the objection of no cause of action was sustained, and the trial court granted plaintiffs leave to amend their petition to state a cause of action and set the matter for rehearing. Finding that the plaintiffs’ amended petition failed to state a cause of action, the trial court dismissed the action against the defendants, J. Edward Layrisson, Randy Pinion, and the Tangipahoa Parish Sheriffs Office. From that judgment, plaintiffs now appeal, arguing that 14this case is different than Harper v. Layrisson, and that those differences warrant reversal in this case.
LAW AND ANALYSIS
The peremptory exception pleading the objection of no cause of action is a procedural device designed to test the legal sufficiency of the petition by determining whether, under the allegations of the petition, the plaintiff is afforded a remedy in law. Sinclair v. Kennedy, 96-1510 (La.App. 1st Cir.9/19/97), 701 So.2d 457, 459, writ denied, 97-2495 (La.4/3/98), 717 So.2d 645. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931; Sinclair v. Kennedy, 701 So.2d at 459. For purposes of ruling on the exception, the court must accept as true all well-pleaded allegations of fact in the petition and any annexed documents. *646 Sinclair v. Kennedy, 701 So.2d at 459. The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Sinclair v. Kennedy, 701 So.2d at 459. In reviewing a trial court’s judgment sustaining an exception of no cause of action, this court subjects the case to a de novo review, because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Harper v. Layrisson, 764 So.2d at 1064.
As noted above, a companion case, Harper v. Layrisson, based on some of the same operative facts as the case now before us, has already been decided by this court. The difference between this case and Harper is that the plaintiffs in Harper were the children of a woman whom Stanley murdered just hours before he attacked and beat Michelle Hebert. The plaintiffs in Harper alleged that Stanley had broken into their mother’s home in an attempt to steal money to allow him to escape the court’s | ¡-jurisdiction and avoid his scheduled court appearance the following day. As the decision of this court in Harper is controlling precedent for our decision in this case, we will duplicate most of its substance below:
At the outset, this court notes that none of the cases cited by the parties contain the particular factual circumstances presented herein. In this case, Stanley was booked and charged with several crimes, given a date upon which he was to return to court, and held on a $15,000.00 bond pending his return court date. At the time of the attack, he had not been convicted of any crime, nor had he escaped from the defendants’ custody. He was merely a pre-trial detainee being held in the parish jail pending his ability to make bond. Undisputedly, Stanley did not post bond in the amount set by the trial court, but was released from jail, without judicial authorization or review, three days after his arrest. Also, the acts allegedly giving rise to the claim for damages occurred two months after his release on a “sign out.”
Thus, in determining whether or not the trial court erred in granting the exception, the issue presented for review is whether, as a matter of law, a defendant sheriff may ever be held civilly liable for the misconduct of a pretrial detainee purposefully released on his own recognizance by the sheriff despite a judicially set bond.
[[Image here]]
Citing Green v. State Through Department of Institutions, 91 So.2d 153 (La.App. 1st Cir.1956), and subsequent cases interpreting Green, the defendants contend that if no liability exists where the inmate escapes, (except under very narrow circumstances), there can be' no liability where the inmate is released on a recognizance bond. We agree.
LSA-C.Cr.P. art. 311 provides, “Bail is the security given by a person to assure his appearance before the proper court whenever required.” LSA-C.Cr.P. art. 326 further provides in pertinent part:
[T]he condition of the bail undertaking in district, juvenile, parish, and city courts shall be that the defendant will appear at all stages of the proceedings to answer the charge before the court in which he will be prosecuted, will submit himself to the orders and process of the court, and will not leave the state without the written permission of the court.
Louisiana courts have consistently held that the purpose of bail is not to protect the public from all harms that the prisoner, or | fiin this case, the detainee, may *647 inflict upon his release. Instead, bail exists to ensure that the accused will appear at trial. Green, 91 So.2d at 155; Frank v. Pitre, 353 So.2d 1293 (La.1977).
As set forth in Green:
An institution’s duty to restrain a convicted criminal is not based upon the purpose of protecting the general public from all harms that the prisoner might inflict if he were allowed to escape. A convicted person may be as dangerous on the day of his legal release as he was on the first day that he was confined, although the institution may still be under a legal duty to detain or release him.
As the court further noted, in rejecting any claim of liability:
There is no more reason for the State to be civilly responsible for the convict’s general misconduct during the period of his escape than for the same misconduct after a legal release, unless there is some further causal relationship than the release or escape to the injuries received.
Green, 91 So.2d at 155.
Thus, even accepting as true the allegations of the petition, we find no cause of action exists herein. We note that Stanley could have been released upon satisfaction of the judicially set bond and committed the very same acts, regardless of whether his release was authorized and proper pursuant to the judicially mandated bond or otherwise.
As noted in Frank, 353 So.2d at 1296:
For a defendant’s violation of a duty to be a legal cause of an injury, his violation must not only be a cause in fact of (i.e., a substantial factor contributing to) the injury, but the duty violated must also have included within its purpose the prevention of the risk encountered by the plaintiff to his injury.
Thus, even assuming defendants were negligent in allowing Stanley to sign himself out of jail, we are unable to say that this breach of duty or violation could be considered a cause in fact or a legal cause of the death of Birdie Ellen Barron.
Quite simply, bond does not exist for the protection of the public. Instead, as the courts have recognized, it exists to further the goal of ensuring the presence of the criminal accused at trial. Thus, even if the sheriff violated a duty associated with the housing of this pretrial detainee by negligently allowing l7him to be released, he could have just as easily committed the same offenses had he been released and at large pursuant to the judicially set bond by posting a commercial surety or property bond. Thus, as a matter of law, the trial court acted properly in holding that no cause of action exists herein upon which liability can be imposed.
Harper v. Layrisson, 764 So.2d at 1064-66.
This court’s decision in Harper v. Layrisson controls our decision in the case now before us. However, the plaintiffs argue that this case is different, because the plaintiffs in Harper specifically asserted that their petition “in no way asserts or alleges that the released perpetrator had escaped or was in the process of escaping at the time he murdered [Mrs. Barron].” Harper v. Layrisson, 764 So.2d at 1064. The plaintiffs in this case allege that this is an escape ease. They assert in their amended petition that, because Stanley’s release from jail on his own recognizance was unauthorized and unlawful, he remained in the legal custody, supervision, *648 and control of the sheriff, his agents, and employees after the unauthorized release.
Because the sheriff did not have the authority to release Stanley on his own recognizance, the plaintiffs argue that the custodial relationship could not be terminated by the unauthorized release, but continued, despite the termination of physical custody. They allege that on the night of the attack on Michelle Hebert, Stanley was attempting to escape from the custody and control of the sheriff, his agents, and employees and from the jurisdiction of the court in order to avoid his scheduled court appearance the next day, and that the attempted theft of their car was done in furtherance of Stanley’s escape. They further allege that the defendants knew or should have known of Stanley’s propensity for violence and flight. Under the standard used by Louisiana courts in escape cases, they argue that the defendants are hable.
|sBy way of this argument, the plaintiffs attempt to have this case treated as an escape case. However, there is no legal authority for their argument that Stanley remained in the legal custody of the sheriff after his release. Although there are no Louisiana cases containing the exact factual circumstances as this one, cases such as Frank v. Pitre, 353 So.2d 1293 (La.1977), and Lloyd v. State, 395 So.2d 1385 (La.App. 1st Cir.1981), hold that even when a sheriff has exceeded his authority and acted negligently in releasing a prisoner, he will not be held civilly liable for the torts of the prisoner unless there is some further causal relationship which establishes that the sheriffs negligence is the proximate or legal cause of the injury. In this case, this court has already determined in Harper v. Layrisson that the defendants’ unauthorized release of Stanley on his own recognizance was not a cause in fact or a legal cause of the death of the woman he murdered just hours before he broke into the plaintiffs’ home and beat Michelle Hebert. For the reasons stated by the court in that case, we find that the defendants’ unauthorized release of Stanley was not a cause in fact or a legal cause of the injuries suffered by the plaintiffs in this case.
Furthermore, in attempting to have this case treated as an escape case, the plaintiffs allege in their petition that, at the time of the attack on Michelle Hebert, Stanley was in the process of escaping from the court’s jurisdiction to avoid his court appearance. The allegation of escape is a conclusion of law. We find that failure to make a court appearance does not constitute an escape. Cf. La. R.S. 14:110 (Simple escape; aggravated escape) with La. R.S. 14:110.1 (Jumping bail).
Accordingly, the plaintiffs have not stated a cause of action which would entitle them to relief, and the trial court was correct in sustaining the ^defendants’ peremptory exception raising the objection of no cause of action.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court sustaining the exception of no cause of action filed by the defendants, J. Edward Layrisson, Randy Pinion, and the Tangipahoa Parish Sheriffs Office, and dismissing the plaintiffs’ lawsuit against them. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.