887 So.2d 519 (2004)
STATE of Louisiana
v.
Justin K. HARRIS.
No. 2003 CA 2328.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Hon. Doug Moreau, Kay Howell, Stacey L. Wright, Baton Rouge, for Appellee, State of Louisiana.
Thomas C. Damico, Baton Rouge, for Appellant, Safety National Casualty Corp.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
CARTER, C. J.
This is an appeal by Safety National Casualty Corporation (Safety National) from a judgment denying its motion for discharge of surety that had been furnished to insure a defendant's appearance in court.

FACTS
Safety National, through its agent, Bail Bonding Underwriters, Inc. (BBU), executed a $40,000 appearance bond for the release from custody of Justin K. Harris, who was arrested for and subsequently charged with bank fraud. When Mr. Harris failed to appear in court for arraignment on March 13, 2001, the trial court rendered a bond forfeiture judgment in favor of the State of Louisiana and against Mr. Harris as principal and Safety National as surety in the sum of $40,000. The trial court also issued a bench warrant for Mr. Harris's arrest.
On March 29, 2001, BBU representatives requested that the East Baton Rouge Parish Sheriff's Office (the Sheriff's Office) enter information regarding the bench warrant for Mr. Harris's arrest into the National Crime Information Center *520 (NCIC) Registry. BBU also tendered the $25 processing fee required by LSA-C.Cr.P. art. 345G. However, the Sheriff's Office did not enter the information into the NCIC Registry, because it had been instructed by Leon Denham of the District Attorney's Office not to honor such requests from bonding agents.
Bonding agents under contract with BBU detained Mr. Harris in Atlanta, Georgia, prior to the running of the six-month bond forfeiture date. But, upon coming into contact with the Atlanta Police, they were forced to release Mr. Harris because the Atlanta Police were not able to verify through a check of the NCIC Registry that there was a felony bench warrant out of the State of Louisiana for Mr. Harris's arrest.
Safety National filed a motion for discharge of surety contending that it should be released from all obligations and that the bond forfeiture judgment is invalid because the Sheriff's Office failed to enter the bench warrant into the NCIC Registry. The trial court denied the motion. Safety National now appeals.

DISCUSSION
The issue presented by this appeal concerns the interpretation of LSA-C.Cr.P. art. 345G, which provides:
During the six-month period provided for surrendering the defendant, the surety may request from the officer originally charged with a felony defendant's detention that the felony defendant's name be placed into the National Crime Information Center registry. Upon such a request, the surety shall pay to the officer originally charged with the felony defendant's detention a fee of twenty-five dollars for processing such placement. If, after the request by the surety and payment of the twenty-five dollar fee, the defendant's name is removed from the National Crime Information Center registry without cause during the six-month period provided for surrendering the defendant, the surety shall be relieved of all obligations under the bond.
Specifically, the question before the court is whether it is discretionary or mandatory that the Sheriff's Office enter a defendant's name in the NCIC Registry after the surety has requested that it do so and paid the applicable processing fee.
Provisions of the Code of Criminal Procedure are intended to provide for the just determination of criminal proceedings and shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay. LSA-C.Cr.P. art. 2. The provisions must be given a genuine construction consistent with the plain meaning of the language in light of its context and with reference to the purpose of the provision. LSA-R.S. 14:3; State v. Campbell, 03-3035 (La.7/6/04), 877 So.2d 112, 117-118.
In applying guidelines of statutory construction, we find that a genuine construction of LSA-C.Cr.P. art. 345G that gives fair import to its wording requires that the Sheriff's Office enter the defendant's name into the NCIC registry after a request is properly made and after the processing fee is accepted.[1] By accepting the processing fee, the Sheriff's Office was obliged to honor BBU's request. Failure to do so is tantamount to removing the defendant's name from the NCIC registry. We note that the article does allow a defendant's name to be removed from the registry for *521 cause. The Sheriff's Office asserts that it acted in accordance with directions from the district attorney's office, however, in our opinion this does not constitute "cause" as contemplated by the article. Accordingly, we find that in this situation, Safety National is relieved of its obligation under the bond. If the Sheriff's Office had complied with BBU's request, the defendant would have been arrested in Atlanta and Safety National also relieved of its obligations under the bond.

CONCLUSION
For the foregoing reasons, the judgment appealed from is reversed. Judgment is entered granting the motion for discharge of surety. Costs of this appeal in the amount of $330.30 are assessed to the State of Louisiana.
REVERSED AND RENDERED.
PETTIGREW, J., concurs and assigns reasons.
PETTIGREW, J., concurring.
I agree with the majority opinion. I note, however, that the majority chose not to address the issue of whether the sheriff has the discretion to refuse the $25.00 application fee and not honor a surety's request that the name of a defendant be entered into the NCIC registry. As this issue was not before the court, it was appropriate for the majority to do so. However, I feel compelled to address same.
Louisiana Revised Statutes 14:134, in part, provides as follows.
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
The rights and limitations on bail are a constitutionally protected area of our law. La. Const. art. I, § 18. See also U.S. Const. amend. VIII. Bail is the security given by a person to assure his appearance before the proper court whenever required. La.Code Crim. P. art. 311. Bail exists to ensure that the accused will appear at trial. Harper v. Laysisson, 99-0544, p. 8 (La.App. 1 Cir. 4/10/00), 764 So.2d 1061, 1065, writ denied, XXXX-XXXX (La.6/23/00), 765 So.2d 1044. The purpose of requiring bail for the release of a prisoner is, primarily, not to collect for his becoming fugitive, but to compel him to remain within the court's jurisdiction. State v. Richardson, 176 La. 750, 146 So. 737, 738 (La.1933).
The duties of the sheriff are partially defined in La. R.S. 33:1435A, in part, as follows:
Each sheriff or deputy shall attend every court that is held in his parish, and shall execute all writs, orders, and process of the court or judge thereof directed to him.
Each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders.
It is my humble opinion that the sheriff has no discretion if a surety makes a timely request and tenders the $25.00 application fee as required by La.Code Crim. P. art. 345. For the sheriff to do otherwise, *522 in my humble opinion, borders on malfeasance.
NOTES
[1] We do not address the interpretation to be given the article in situations in which the Sheriff's Office refuses to accept the application fee and in doing so informs the one making the request that the request will not be honored.