GASKINS, J.
|TIn this bond forfeiture case, the trial court granted an exception of prescription in favor of the plaintiff, State of Louisiana, and dismissed a motion by Cut Rate Bail Bonds, as agent for Robert Hill, and Accredited Surety, Inc. (Cut Rate), to set aside a judgment of bond forfeiture and to release the surety. For the following reasons, the trial court’s judgment is reversed in part and affirmed in part.
FACTS
By a bill of information, Robert Hill was charged with three counts of attempted second degree murder in Louisiana. When Mr. Hill failed to appear for arraignment on April 18, 2005, a bench warrant was issued. On May 27, 2005, a judgment of bond forfeiture was signed in favor of the State of Louisiana and against Mr. Hill and his surety, Accredited Surety, Inc., in the amounts of $35,000, $35,000, and $50,000 on each of the respective counts of attempted second degree murder. Notice of the judgment of bond forfeiture was sent to the defendant and surety, as well as to Cut Rate Bail Bonds on June 2, 2005.
On November 14, 2005, Cut Rate filed a motion to set aside the bond forfeiture and for release of the surety. The motion alleged that, even though Mr. Hill was not presently incarcerated, he had been arrested three times since his incarceration in Ouachita Parish. His name had been placed on the National Crime Information Center (NCIC) registry, and he had warrants against him in San Bernardino County, California, as well as in Ouachita Parish, Louisiana. In a supplemental motion filed on November 22, 2005, Cut Rate alleged that the State placed Mr. Hill’s name |?in the NCIC registry system after his three arrests in California. Cut Rate asserted that, due to the State’s failure to timely place Mr. Hill’s name in the NCIC registry, the surety was unable to have him detained in California and returned to Ouachita Parish. Cut Rate claimed that, because it was prejudiced by these actions, the State should be estopped from enforcing the bond forfeiture.
On March 15, 2006, the State filed a peremptory exception of prescription alleging that under the provisions of La. R.S. 15:85(5), the defendant and his sureties were required to bring defenses and actions in nullity 60 days from mailing of the notice of the signing of the judgment of bond forfeiture and that Cut Rate’s claim prescribed on August 1, 2005. Cut Rate opposed the peremptory exception, arguing that a six-month period was applicable.
The matter came before the court for hearing on April 3, 2006. In addition to the argument of counsel, the court heard the testimony of two witnesses, Joan R. Toston, an employee of the Ouachita Parish Sheriffs Office, and Brett Parker, III, an agent for the surety. Ms. Toston testi *851 fied that she was a deputy working for the warrant division at the Ouachita Parish Sheriffs Office. She said that Mr. Parker asked her to enter Mr. Hill’s name in the NCIC registry on October 24, 2005.
According to Ms. Toston, Mr. Parker had first spoken to Ms. Lively, who also worked in the warrant division, about entering the name in the computer system. However, Ms. Toston did not know exactly when that conversation took place; Ms. Lively was not called to testify. Ms. To-ston | astated that she entered the information into the NCIC registry system on October 24, 2005, but the entry did not show up until November 2, 2005. Although she was not sure why the entry did not appear on the NCIC registry sooner, Ms. Toston testified that requests to enter names must first be cleared with the Oua-chita Parish District Attorney’s Office.
Even though statutes regarding the placing of names in the NCIC system contemplate the payment of $25.00 fee, Ms. Toston testified that her office never accepted a fee. Ms. Toston indicated that she had been employed in the warrant division for nine and one-half years and that she and Ms. Lively were the only persons in the warrant division to whom a bondsman would make a request for placement in the NCIC registry.
The next witness was Mr. Parker. He testified that he was aware that Mr. Hill had been arrested in California; he checked and found that Mr. Hill was not entered in the NCIC. Mr. Parker contacted the Ouachita Parish Sheriffs Office regarding placement into the NCIC computer system. Mr. Parker could not recall the first date upon which he had contacted the sheriffs office for entry of the matter into the NCIC registry, but he knew that it was prior to October 24, 2005. He stated that when he spoke with Ms. Toston in October concerning placing Mr. Hill in the NCIC system, she stated that “she’d heard them talking about it two or three weeks prior to that for him to be put in there,” and that Mr. Hill would be entered “in the next couple of days.” According to Mr. Parker, the entry appeared shortly thereafter.
|4When Ms. Toston was called to the stand for further testimony, she again stated that she had never collected a $25.00 fee on behalf of the sheriffs office and that Ms. Lively had not done so either. She also reiterated that her notes showed that Mr. Parker contacted the sheriffs office and talked to Ms. Lively at some point prior to Mr. Parker’s conversation with Ms. Toston about the matter. She did not know when the initial contact occurred.
The court found that there was merit to the State’s exception of prescription.[1] It appears that the trial court applied the 60-day prescriptive period in this matter. In granting the peremptory exception of prescription, the trial court found no indication that the Ouachita Parish Sheriffs Office refused to comply with Cut Rate’s request to place Mr. Hill’s name in the NCIC registry or that the name was ever removed. The court found that Cut Rate did not comply with provisions that allow setting aside a judgment of bond forfeiture if a defendant is surrendered to the court, or a sufficient showing is made that the defendant is incarcerated elsewhere and a fee is paid for his return. The court granted the exception and dismissed the motion/suit of the surety seeking to set aside the previously entered bond forfeiture. Cut Rate appealed.
*852 BOND FORFEITURE
On appeal, Cut Rate argues that the trial court erred in granting the State’s exception of prescription and in failing to set aside the judgment of |sbond forfeiture. Cut Rate argues that the trial court erred in accepting the State’s argument that the surety had 60 days to have the judgment of bond forfeiture set aside. Cut Rate urges that the applicable prescriptive period was six months from the mailing of the notice of the judgment of bond forfeiture. Cut Rate contends that the State’s failure to timely place Mr. Hill’s name in the NCIC registry prevented the surety from being able to detain him upon his arrests in California and have him returned to Ouachita Parish. For the following reasons, we find that the trial court failed to apply the correct prescriptive period in this matter. Therefore, we reverse that portion of the trial court judgment finding that the surety’s claim is prescribed. However, we find that the trial court did not err in denying the motion to set aside the judgment of bond forfeiture.
Discussion
The general rule is that bond forfeitures are not favored. A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules set forth in the Code of Criminal Procedure. In order to obtain a judgment of bond forfeiture against a surety, the state must strictly comply with the terms of the statutory provisions regulating bond forfeitures. Bankers Insurance Company v. State, 37,-080 (La.App. 2d Cir.4/11/03), 843 So.2d 641, writ denied, 2003-1240 (La.6/27/03), 847 So.2d 1268.
Cut Rate does not complain about the issuance, signing or notice of the judgment of bond forfeiture. Cut Rate filed its motion as a summary proceeding in the criminal matter before the trial court which issued the |fjudgment of bond forfeiture. Summary proceedings for bond forfeitures are outlined in La. R.S. 15:85(5), as follows:
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 315 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture unthin six months from mailing the notice of the signing of the judgment of bond forfeiture. [Emphasis supplied.]
[[Image here]]
The parties in this matter focus upon La. R.S. 15:85(5) for determining the applicable prescriptive period. The State argues that the defendant was required to bring a summary proceeding to set aside the bond forfeiture within 60 days from the mailing of the notice of the signing of the judgment of bond forfeiture. Cut Rate contends that it had six months to surrender the defendant or show that he was incarcerated in order to have the judgment of bond forfeiture set aside, citing La. C.Cr.P. art. 345.
Under La. R.S. 15:85(5), the 60-day period for bringing a summary judgment proceeding to assert defenses and actions in nullity is aimed at procedural deficiencies and other matters that render the *853 judgment of bond forfeiture null or inappropriate. See and compare State v. Rivera, 04-822 (La.App. 5th Cir.1/25/05), 894 So.2d 496. If a summary proceeding for nullity under La. C.C.P. art. 2001 is not filed with 60 days, the action must |7be brought by an ordinary proceeding.[2] La. R.S. 15:85(9). Cut Rate did not allege any procedural deficiencies in its motion to set aside the bond forfeiture judgment.
Under La. R.S. 15:85(5), a summary proceeding may also be brought within six months of the mailing of the notice of judgment in the criminal court that rendered the judgment, pursuant to La. C. Cr. P. art. 345 and La. R.S. 15:87. Cut Rate filed this motion as a summary proceeding within six months of the notice of judgment being mailed. La. C. Cr. P. art. 345(A) and (B) provides that a surety may be relieved of its bond obligation if it physically surrenders the defendant, or if the officer originally charged with the defendant’s detention incarcerates him.[3] Cut Rate urges that La.C.Cr.P. |sart. 345(D) is applicable and, under the provisions of La. R.S. 15:85(5), it had six months to surrender the defendant or prove that he was incarcerated elsewhere and provide the cost of his return. We agree.
La.C.Cr.P. art. 345(D) provides in pertinent part:
D. If during the six-month period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion in summary proceeding within the six-month period.
(2) The defendant’s sureties produce to the court adequate proof of defendant’s incarceration, or the officer originally charged with defendant’s detention verifies the defendant’s incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the six-month period at the *854 time the defendant or the surety files the motion, shall be deemed adequate proof of the defendant’s incarceration.
(3) The defendant’s sureties pay the officer originally charged with the defendant’s detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return.
[[Image here]]
This statute provides that a surety may set aside a judgment of bond forfeiture within six months of the notice of signing of the judgment if the defendant is surrendered or the surety shows that the defendant is incarcerated in another jurisdiction and provides the cost for returning the | (¡defendant.[4] See State v. Rice, 36,401 (La.App. 2d Cir.9/18/02), 827 So.2d 1180, writ denied, 2002-2587 (La.12/13/02), 831 So.2d 989; State v. Matteson, 36,628 (La. App. 2d Cir.12/11/02), 833 So.2d 1199; State v. International Fidelity Insurance Company, 32,837, 32,838 (La.App. 2d Cir.3/1/00), 756 So.2d 565: State v. Davila, 2001-0418 (La.App. 1st Cir.3/28/02), 814 So.2d 56.
However, Cut Rate argues that the State interfered with its ability to comply with these provisions by failing to enter Mr. Hill’s name in the NCIC registry in a timely fashion. Cut Rate cites La.C.Cr.P. art. 345(G) and State v. Harris, 2003-2328 (La.App. 1st Cir.9/17/04), 887 So.2d 519, in support of this argument.
| inLa.C.Cr.P. art. 345(G) provides:
G. During the six-month period provided for surrendering the defendant, the surety may request from the officer originally charged with a felony defendant’s detention that the felony defendant’s name be placed into the National Crime Information Center registry. Upon such a request, the surety shall pay to the officer originally charged with the felony defendant’s detention a fee of twenty-five dollars for processing such placement. If, after the request by the surety and payment of the twenty-five dollar fee, the defendant’s name is removed from the National Crime Information Center registry without cause during the six-month period provided for surrendering the defendant, the surety shall be relieved of all obligations under the bond.
*855 In State v. Harris, supra, the surety provided an appearance bond for the defendant, Mr. Harris. When Mr. Harris failed to appear for arraignment, a judgment of bond forfeiture was rendered. Within a few days, the surety requested that the sheriffs department enter information regarding the defendant’s arrest warrant into the NCIC registry. The surety paid the applicable fee. The sheriffs office failed to enter the information into the NCIC registry. When the defendant was arrested in another state, law enforcement authorities were not able to hold the defendant because they could not verify the Louisiana warrant for the defendant’s arrest. Based upon the failure of the sheriffs office to enter the information into the NCIC registry, the surety filed to set aside the bond forfeiture judgment. The appellate court found that, under the facts of that case, the sheriffs office was required to enter the information into the NCIC registry and the failure to do so was tantamount to removing the defendant’s name from the registry. The judgment of bond forfeiture was set aside.
In We find that the provisions of La. R.S. 15:85(5) and La.C.Cr.P. art. 345 are applicable in this matter. Cut Rate could have set aside the bond forfeiture judgment within six months of the mailing of notice of the judgment if the defendant had been surrendered or if Cut Rate proved that the defendant was incarcerated in another jurisdiction and provided the cost of returning the defendant.
Although it filed its motion within the six-month period, Cut Rate failed to meet the requirements of La.C.Cr.P. art. 345 within this time period. Further, Cut Rate failed to show that any action by the State prevented it from complying with the requirements of the provision.
Cut Rate did not show that the State failed to timely place Mr. Hill’s name in the NCIC registry, ultimately preventing the surety from being able to hold the defendant when he was arrested in California. Although Cut Rate contended that it requested that Mr. Hill’s name be put in the NCIC computer prior to October 24, 2005, the trial court found that it did not show when that request was made. One week passed between the time the request was made of Ms. Toston and the time the warrant showed up on the NCIC. This time period was not unreasonable and did not prejudice Cut Rate.
Simply stated, Cut Rate had six months from June 2, 2005, to surrender the defendant or provide adequate proof that he was incarcerated elsewhere and provide the cost of his return to Ouachita Parish. This time period expired in December 2005. Mr. Hill’s name was entered into the NCIC registry in November 2005, prior to the expiration of the six-month time period. However, Mr. Hill apparently was not arrested in any | ^jurisdiction after that occurred. The six-month time period elapsed without surrender of the defendant or compliance with La.C.Cr.P. art. 345. The time lapse between the request by the surety for the warrant to be placed in the NCIC registry and the actual entering of the warrant was reasonable.
CONCLUSION
For the reasons stated above, we find that the motion to set aside the judgment of bond forfeiture was brought timely within the six-month time period. Therefore, we reverse that portion of the trial court judgment finding that the claim had prescribed. We affirm that portion of the trial court judgment finding that the surety failed to show compliance with the requirements of La.C.Cr.P. art. 345 and dismissing the surety’s claim to have the judgment of bond forfeiture set aside. *856 Costs in this court are assessed to Cut Rate.
REVERSED IN PART AND AFFIRMED IN PART.

. We are unclear whether the trial judge found the 60-day prescriptive period applied, or the trial court found that the plaintiff failed to comply with statute requirements within the six month period.

. La. R.S. 15:85(9) states:
Nullity actions pursuant to La. C.C.P. art. 2001 et. seq. not filed within 60 days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.
La. C.C.P. art. 2001 provides:
The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.

. La.C.Cr.P. art. 345 provides in pertinent part:
A. A surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.
B. If the defendant is incarcerated by the officer originally charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may apply for and receive from any officer in charge of any facility in the state of Louisiana or a foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer charged with the detention of the defendant as to the identity of the defendant. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.

. Cut Rate also cites La. R.S. 15:87 in support of its argument that it had six months to seek revocation of the judgment of bond forfeiture. That statute provides for situations in which the defendant is prevented from appearing in court for specific, enumerated reasons. The statute, which is not applicable to the facts of the present case, provides:
A.No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
B. A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.
C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.