**NOT DESIGNATED FOR PUBLICATION**

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2021 CA 0085

### SHARON D. VANCE AND STEVE VANCE

### VERSUS

### SHERIFF DANIEL H. EDWARDS, SGT. SONJA DYSON EVANS, LT. BRANDON PINION, LATECIAL MILTON, CRYSTAL KNIGHT, RACQUELLE D. COLLINS, ROBERT SMITH, KEDRICK CARLSON AND THEIR INSURERS

Judgment rendered: **JUN 0 4 2021**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa, State of Louisiana
No. 2019-0002664, Div. "B"

The Honorable Charlotte Hughes Foster, Judge Presiding

* * * * *

Roy A. Raspanti
Metairie, Louisiana

Attorney for Plaintiffs/Appellants
Sharon D. Vance and Steve Vance

Glen R. Galbraith
Celeste H. Shields
Hammond, Louisiana

Attorneys for Defendant/Appellee
Sheriff Daniel H. Edwards

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

The plaintiffs, Sharon D. Vance and Steve Vance, appeal a judgment of the trial court that granted a peremptory exception raising the objection of no cause of action in favor of the defendant, Sheriff Daniel H. Edwards (the Sheriff), and dismissed the plaintiffs' claim against the Sheriff. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2019, the plaintiffs filed a petition for damages against several defendants,[1] including the Sheriff, alleging that the defendants were liable for the wrongful death of their son, Stephen Vance, who was murdered by Eric Newman. On June 24, 2016, Mr. Newman was arrested by the Sheriff's office in Tangipahoa Parish for armed robbery and false imprisonment-armed with a weapon. Mr. Newman's bail was set at $75,000.00 by the trial court. According to the plaintiffs, Mr. Newman was released from jail on August 2, 2016 after "employees of the Sheriff's office used the property of a third party as the basis for an appearance bond for [Mr.] Newman[.]"[2] Approximately four months later, on November 25, 2016, Mr. Newman murdered Stephen Vance. The plaintiffs alleged that "[w]ithout the illegal criminal bond activity by [the] defendants herein, [Mr.] Newman would never have had the opportunity to kill Stephen Vance because he would never have gotten out of jail prior to his trial."

On October 28, 2019, the Sheriff filed an answer, several affirmative defenses, and a peremptory exception raising objections of no right of action, no cause of action, and prescription. On January 10, 2020, the plaintiffs filed a

---

[1] The defendants included Tangipahoa Parish Sheriff's office, Sgt. Sonja Dyson Evans, Lt. Brandon Pinion, Latecial Milton, Crystal Knight, Racquelle D. Collins, Robert Smith, Kedrick Carlson, and the insurers of same, ABC Insurance Company and XYZ Insurance Company.

[2] On August 2, 2016, the Sheriff and Sgt. Sonja Dyson Evans signed two court appearance notices for Mr. Newman in the sum of $62,750.00 and $12,250.00.

supplemental and amending petition, which stated that the plaintiffs were entitled to damages because "[t]he actions of [the] defendants ... directly resulted in the death of [Stephen] Vance[.]" The Sheriff answered the plaintiffs' supplemental and amending petition, re-urging the peremptory exception raising the objections of no cause of action and prescription, and withdrawing the objection of no right of action. The Sheriff filed a memorandum in support of the peremptory exceptions, arguing that the case Harper v. Layrisson, 99-0544 (La. App. 1 Cir. 4/10/00), 764 So.2d 1061, 1062, writ denied, 2000-1312 (La. 6/23/00), 765 So.2d 1044, supported his exception that the plaintiffs did not have a cause of action against him because the Sheriff did not have a duty to protect Stephen Vance from being murdered. Specifically, the Sheriff argued that "[e]ven assuming Mr. Newman was improperly released ... the Sheriff simply [was] not liable for wrongful acts committed by Mr. Newman almost four months after his release." The Sheriff further argued that the plaintiffs' petition was prescribed on its face because they did not file their petition within one year of Stephen Vance's death.

On June 29, 2020, the trial court held a hearing on the Sheriff's peremptory exception raising the objections of no cause of action and prescription. After hearing arguments from the parties, the trial court granted the Sheriff's peremptory exception raising the objection of no cause of action and dismissed the peremptory exception raising the objection of prescription as moot. The trial court signed a judgment on July 8, 2020 in accordance with its oral ruling, dismissing the plaintiffs' claim against the Sheriff.[3] The plaintiffs devolutively appealed the trial court's judgment.

---

[3] The July 8, 2020 judgment also dismissed the Sheriff's peremptory exception raising the objection of no right of action as moot.

**APPLICABLE LAW**

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Truitt v. West Feliciana Parish Government, 2019-0808 (La. App. 1 Cir. 2/21/20), 299 So. 3d 100, 103. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pled facts in the petition must be accepted as true. Damond v. Marullo, 2019-0675 (La. App. 1 Cir. 6/22/20), 307 So.3d 234, 241, writ denied, 2020-01243 (La. 3/23/21), 312 So.3d 1104. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, appellate courts conduct a *de novo* review, because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition. Greenland v. Greenland, 2008-2568 (La. App. 1 Cir. 12/9/09), 29 So.3d 647, 652, writ denied, 2010-0004 (La. 3/5/10), 28 So.3d 1011.

**DISCUSSION**

The plaintiffs assign as error that the trial court erred in granting the peremptory exception raising the objection of no cause of action because the Sheriff "had a duty not to violate the law in order to get [Mr.] Newman back on the street." "This duty included within its purpose the prevention of the risk encountered by Stephen Vance to his injury." The Sheriff counters that even if Mr. Newman was improperly released on bond, the Sheriff is not liable for the wrongful acts committed by Mr. Newman approximately four months after his

4

release. Thus, the Sheriff argues that he owed no duty to the plaintiffs to protect Stephen Vance from being murdered by Mr. Newman.

In support of his argument, the Sheriff relies on Harper, 764 So.2d at 1064, wherein a detainee killed the plaintiffs' mother approximately two months after the detainee was released on his own recognizance, without any approval from the trial court, after a bond was set. The issue presented was whether a defendant sheriff could be held liable for the misconduct of a pretrial detainee improperly released by the sheriff despite a judicially set bond. Id. This Court determined that the Sheriff was not liable for releasing the detainee when he was released on a recognizance bond. Id. This Court reasoned that even if the Sheriff was negligent in allowing the detainee to be released on his own recognizance, this breach of duty was not a cause in fact or legal cause of the victim's death. Id. at 1066. Therefore, this Court determined that the trial court properly denied the plaintiffs' peremptory exception raising the objection of no cause of action. Id. at 1066.

Louisiana courts have consistently held that the purpose of bail is not to protect the public from all harms that the prisoner, or in this case, the detainee, may inflict upon his release. Instead, bail exists to ensure that the accused will appear at trial. Green v. State Through Department of Institutions, 91 So.2d 153, 155 (La. App. 1 Cir. 1956). There is a significant difference between pretrial detention and post-conviction confinement. Jacoby v. State, 434 So.2d 570, 576 (La. App. 1 Cir. 1983), writ denied, 441 So.2d 771 (La.1983). As indicated in Frank v. Pitre, 353 So.2d 1293, 1295 (La. 1977), the purpose of pretrial detention is to assure the presence of the defendant at court appearances. Jacoby, 434 So.2d at 576. The purposes of post-conviction incarceration are to punish the defendant, to effect rehabilitation, to protect the public from the dangerous propensities of the

individual and/or to serve as an example to deter others from similar criminal behavior. Id.

After reviewing the record, and accepting as true the allegations set forth in the plaintiffs' petition for damages, we find that the trial court properly determined that the plaintiffs do not have a cause of action against the Sheriff. Even if the Sheriff has a duty not to release a pre-trial detainee on an imperfect property bond, the plaintiffs have not alleged that the Sheriff knew or should have known that Mr. Newman's release would cause Stephen Vance's death almost four months later. Therefore, even if we assumed that the Sheriff was negligent in allowing Mr. Newman to be released from jail, we are unable to say that this breach of duty could be considered a cause in fact or a legal cause of the death of Stephen Vance. See Harper, 764 So.2d at 1066. Thus, as a matter of law, the trial court acted properly in holding that no cause of action exists nor did the plaintiff's petition plead a cause of action upon which liability can be imposed. Id.

Accordingly, we find that the trial court correctly sustained the peremptory exception raising the objection of no cause of action.[4] This assignment of error has no merit.

## CONCLUSION

For these reasons, the trial court's July 8, 2020 judgment sustaining Sheriff Daniel H. Edwards' peremptory exception raising the objection of no cause of action and dismissing Sharon D. Vance and Steve Vance's claim against Sheriff Daniel H. Edwards is affirmed. Appeal costs are assessed against the plaintiffs, Sharon D. Vance and Steve Vance.

---

[4] Louisiana Code of Civil Procedure article 934 states, in pertinent part, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment[.]" In this case, the plaintiffs filed an amending petition in response to an objection of no cause of action raised by the Sheriff. In said amending petition, the plaintiffs failed to allege any fact showing that the Sheriff knew or should have known that the release of Mr. Newman would result in the murder of Stephen Vance approximately four months later. Therefore, this Court will not order an additional amendment of the petition.

**AFFIRMED.**